**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

COREY WILLIAMS

No. 12 C 2394
Judge James B. Zagel

<u>**MEMORANDUM OPINION AND ORDER**</u>

Corey Williams seeks relief under 28 U.S.C. § 2255 on a variety of grounds.  He pled

guilty after entering a plea agreement.  Williams was part of a drug dealing conspiracy; he was

charged on 21 August 2008 with brokering cocaine deals resulting in sales over a half-kilogram

of crack.  He was charged, too, with selling three firearms.  He was charged on 5 November

2008 in a second indictment for conspiracy to deal in firearms and to do so without a license.

There were three counts of possessing firearms despite his status as a felon.  The indictments

were superseded by a single information which alleged the narcotics conspiracy from the first

indictment in one count and the dealing in firearms without a license charge in the second

indictment.

Two days after the information was filed Williams, pursuant to a written plea agreement,

pled guilty to those charges.  The plea was accepted after a proper course of inquiry, responses

and explanations of the terms of the agreement.  At sentencing the Guideline was not challenged

by defense counsel.  My own review of the rationale of the proposed Guideline was correct.   I

found the Guideline to be correct.  Williams' counsel argued that the career offender guideline

overstated the gravity of petitioner's criminal history (due to the nature of the prior convictions

and the youth of petitioner at the earlier convictions).  The other argument was that I should

exercise my discretion to use the powder cocaine guidelines rather than the crack cocaine guidelines. I did find that the prior criminal history did overstate the gravity of Williams' past bad conduct. Having done so I departed or varied from the correct Guideline of 262-327 months by 82 months and imposed a period of incarceration of 180 months (15 years).

Williams appealed my denial of his motion to reduce sentence. The motion was filed under 18 U.S.C. § 3582(c)(2). The Court of Appeals noted that amendments to the crack cocaine guidelines did not and do not affect the career offender guideline under which Williams was sentenced. *United States v. Williams,* No. 12-2608 (7th Cir. 2013)(Unreported Order of March 20, 2013).

Eleven months before that ruling on appeal Williams filed this petition for relief. The petition claiming ineffective assistance of counsel is based on several assertions of failure to object to various actions.[1]

There was nothing ineffective about defense counsel's failure to raise speedy trial objections. Williams ignores the fact that the unlicensed dealing charge did not come into the case until almost three months after the first indictment and he was arrested on that count on 20 November 2008, 15 days after indictment. I excluded time for allowable reasons under the Speedy Trial Act, which rulings petitioner does not dispute here. The charges in the superseding information were charged in the two earlier indictments. All that happened with the information was that some charges were not included. Williams cannot bring a claim for denial of speedy trial for offenses of which he was not convicted. The convictions here were the product of plea

---

[1] There is a claim by Williams that he was not indicted for unlicensed dealing in firearms. It is true that this charge was not in the first indictment but Williams seems to have forgotten that he was indicted twice and the second indictment did contain the unlicensed dealing offense. So, counsel did not wrongly induce Williams to plead to an unindicted charge. I separate this claim for relief because it is not based on failure of defense to object.

negotiations and exclusion of time allowed Williams' counsel to gain a plea agreement that benefitted the petitioner.

Nor was there anything ineffective in the decision of counsel not to object to the career offender guideline calculation.  Williams says his counsel got it wrong by not objecting to separate counting of two prior state sentences.  Separate counting, he argues, cannot be applied when the two cases were consolidated for sentencing hearing.  His problem is that the Sentencing Commission has established that prior sentences are always counted separately if the sentences were imposed for offenses separated by an intervening arrest.  (U.S.S.G.  § 4A1.2).  No dispute exists that there was, in fact, an intervening arrest between the two state offenses.  Petitioner is also wrong to argue that a felony counted for career offender status must be assigned more than one point.  Williams has misread a precedent from another Circuit to argue that one point convictions do not count for career status.  The fact that the Eighth Circuit referred to the rule that predicate career offender prior conviction must have "points" is a generic reference to points in general and does not specify any particular number of points required for a predicate status.

What this leaves is the place of the Fair Sentencing Act ("FSA") in this case.  Unlike some changes in the Guideline rules which tend to apply retroactively, the Fair Sentencing Act was not retroactive in this Circuit, at the time of sentencing.  Indeed the FSA was not enacted at the time of sentence but became law eleven days after sentence.[2]  The FSA was not applied retroactively in this Circuit.  See *United States v. Fisher,* 635 F.3d 336 (7th Cir. 2011).  About eleven months later the Supreme Court found that *Fisher* was wrongly decided.

---

[2] The FSA raised the amount of crack cocaine that would trigger the mandatory minimum and maximum for a crack offense.  Williams says he was charged with less than that trigger amount since his indictment charged only 50 grams but the trigger is an amount proved not merely the amount charged.  Williams admitted to accountability for 559 grams of crack which exceeds the higher amount (280 grams) contained in the FSA.

3

Williams' pled guilty on 22 January 2010 and was sentenced on 23 July. He appealed and eventually his appellate lawyer advised him to withdraw his notice of appeal. If Williams failed to do so, counsel would file an *Anders* brief.

Williams complains that his trial and appellate lawyers should have tried to put his case on hold until the Supreme Court might rule that the FSA is retroactive. Trial counsel had a very short time to seek sentence reduction and the FSA did not pass while the window was open to file for a sentence reduction. Based on what was known of the law at the time, I would not have permitted Williams to withdraw his plea of guilty since his issues are not with the plea but rather the sentence imposed. The appeal counsel could have tried to persuade the Court of Appeals to put the appeal on hold until the Supreme Court decided whether the FSA was retroactive.

There are a handful of cases where courts have put a decision on hold until a specific decision is reached in a known specific case. But this is uncommon. I have not found a case in which a lawyer has been found ineffective for failure to pursue a strategy based on his knowing of the possibility that a pending Supreme Court decision might change the law. The rule runs the other way. In a capital case, the Fourth Circuit noted that "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *H.Kornahrens III v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (citing cases).

This issue has a certain inherent interest but, in the end, the FSA is not relevant to this case. The FSA did not change the career offender guideline and that is the guideline under which he would be sentenced.

I note finally the claim that trial counsel was ineffective is, in this case, very hard to understand in light of the fine job counsel did. Defense counsel's analysis of the criminal history addressed the significant issue that remained in the case after the entry of the plea of

guilty. Defense counsel's well focused advocacy played a significant role in the reduced sentence I imposed.

The motion to vacate, set aside or correct sentence is denied.


ENTER:

James B. Zagel
United States District Judge

DATE: October 2, 2013